UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

Docket No.: 26-CR-34 (NJC)

-v.-

QIUJU WU,

Defendant.

-------------------------------------------------------X

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Qiuju Wu respectfully submits this memorandum in advance of sentencing and requests that the Court impose a sentence of time served, followed by such term of supervised release as the Court deems appropriate.

## INTRODUCTION

The Court is tasked with imposing a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). For Ms. Wu, a sentence of time served satisfies that standard.

Ms. Wu is a 56-year-old first-time offender with no prior criminal history, virtually no formal education, significant medical limitations, and a lifetime marked by hardship rather than criminality. She has accepted responsibility for her conduct, entered a guilty plea, and has remained incarcerated since September 2025. The punishment she has already endured has been substantial and has achieved the goals of punishment, deterrence, and respect for the law.

## PERSONAL HISTORY AND CHARACTERISTICS

Ms. Wu's life story is not one of privilege, sophistication, or opportunity. It is a story of hardship, limited education, physical illness, and survival.

Ms. Wu was born in rural China and completed only the third grade. As a child, she contracted tuberculosis and ultimately underwent surgery resulting in the removal of her left lung. Because of these severe medical problems, her formal education ended at an early age. She never obtained a high school diploma, never attended college, and never acquired the educational tools that many people take for granted.

Her inability to speak English and her extremely limited educational background have followed her throughout her life. She spent most of her adult years performing manual labor and low-wage work in order to support herself and her family.

The Presentence Investigation Report also reflects a history of domestic abuse. Ms. Wu endured physical violence during her marriage and at one point attempted suicide during that difficult period of her life. Despite these hardships, she persevered, raised her family, and lived more than five decades without any criminal conviction.

The Court should also consider the numerous character letters submitted on Ms. Wu's behalf. Friends and family consistently describe a woman who is kind, generous, hardworking, and willing to help others even when she herself had little to give. Significantly, many of those who know her best describe her as trusting and unsophisticated—someone more likely to be manipulated by others than to manipulate others herself. Copies of these character letters are attached as **Exhibit A** and are incorporated herein by reference.

The offense before the Court represents an aberration in an otherwise law-abiding life.

## THE OFFENSE CONDUCT AND ACCEPTANCE OF RESPONSIBILITY

Ms. Wu does not seek to minimize the seriousness of her conduct. She understands that her actions contributed to a serious federal offense and that punishment is warranted. At the same time, the Court's sentencing determination should take into account Ms. Wu's actual role and level of culpability.

The plea agreement executed by the parties recognized Ms. Wu's limited role by providing for a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) as a minimal participant. Although Probation ultimately disagreed with that assessment, the parties' original evaluation remains relevant to the Court's consideration of the nature and circumstances of the offense.

Ms. Wu was not an organizer, leader, manager, recruiter, or decision-maker. She did not design the scheme. She did not exercise control over others. She did not direct the movement of funds or orchestrate the broader criminal activity. Rather, she occupied a substantially less culpable role than those responsible for creating and directing the scheme.

The Court is not bound by the parties' guideline calculations, but the plea agreement's recognition of Ms. Wu's limited role underscores an important reality: she is not the type of sophisticated fraud offender who typically appears before this Court.

Furthermore, Ms. Wu accepted responsibility for her conduct and entered a guilty plea, thereby sparing the Government and the Court the burden of trial. She has acknowledged her wrongdoing and accepted the consequences of her actions.

## MEDICAL CONDITION

Ms. Wu suffers from multiple chronic medical conditions. Most significantly, she has lived much of her life with only one lung following childhood tuberculosis and lung surgery. In addition, medical records reflect ongoing concerns involving

anemia, thyroid abnormalities, uterine abnormalities, abdominal and pelvic conditions, and other chronic health issues requiring continuing medical attention.

Although Ms. Wu does not contend that her medical condition is extraordinary, her health challenges are relevant under § 3553(a). At age fifty-six, with a history of significant medical problems and limited physical resilience, incarceration is more difficult and more punitive for her than it would be for a younger and healthier individual.

**TIME SERVED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY**

The central question before the Court is whether additional incarceration is necessary to satisfy the purposes of sentencing.

The defense respectfully submits that it is not.

Ms. Wu has remained incarcerated since September 2025. For an individual with no criminal history, no prior incarceration, and no experience with the criminal justice system, this period of confinement has been a profound punishment.

The experience of federal incarceration has already achieved the objectives of specific deterrence. There is every reason to believe that Ms. Wu will never again appear before a criminal court. She is fifty-six years old, has no criminal history, suffers from ongoing medical issues, and has demonstrated acceptance of responsibility.

Likewise, the need to protect the public is minimal. Nothing in Ms. Wu's history suggests a propensity toward violence, recidivism, or continued criminal conduct.

The Court should also consider the significant collateral consequences associated with this conviction. Following completion of her sentence, Ms. Wu faces the prospect of immigration detention and removal proceedings. The practical consequences of this conviction therefore extend well beyond the custodial sentence imposed by this Court.

When viewed through the lens of § 3553(a), additional incarceration would provide little meaningful benefit while imposing substantial additional hardship.

A sentence of time served would promote respect for the law, provide just punishment, deter future misconduct, and appropriately account for Ms. Wu's personal history, characteristics, and limited role in the offense.

## CONCLUSION

For all of the foregoing reasons, and after consideration of the factors set forth in 18 U.S.C. § 3553(a), Defendant Qiuju Wu respectfully requests that the Court impose a sentence of time served. Such a sentence would be sufficient, but not greater than necessary, to achieve the purposes of federal sentencing.

Dated: June 15, 2026

Respectfully submitted,
The Kasen and Liu Law Firm, PLLC

By: Louis Henry Klein, Esq. (LK 8008)
Attorney for Defendant Qiuju Wu
136-33 37th Avenue, #9B
Flushing, NY 11354
(718) 337-8012
louis@kasenlawfirm.com

# EXHIBIT LIST

**Exhibit A** - Character Letters Submitted on Behalf of Qiuju Wu

**Exhibit B** - Selected Medical Records