

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AT/EWS
F. #2022R00718

*610 Federal Plaza*
*Central Islip, New York 11722*

June 15, 2026

The Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

> Re:     United States v. Qiuju Wu
>         Criminal Docket No. 26-34 (NJC)

Dear Judge Choudhury:

The government respectfully submits this letter in advance of the defendant's sentencing, currently scheduled for June 24, 2026 at 10 a.m., and in response to the defendant's sentencing submission filed earlier today. ECF No. 39. For the reasons set forth below, the government respectfully asks that the Court impose a sentence within the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, which would be sufficient but not greater than necessary to achieve the goals of sentencing.

I.     Factual Background

On August 29, 2025, the defendant was charged in a criminal complaint with bank fraud, in violation of Titled 18, United States Code, Section 1349. The charge arose from the defendant's participation in a scheme to steal approximately $2.8 million from bank accounts associated with two victims (identified in the Complaint as "Victim-1" and "Victim-2") who were reported missing. Though the defendant's co-defendant was the mastermind behind the theft, the government's investigation revealed that the defendant helped effectuate the transfer of stolen funds by signing account incorporation documents and personally withdrawing stolen funds from a bank (identified in the Complaint as Bank-1) and directed that money into bank accounts held in her name.

On September 5, 2025, the defendant was arrested at the Dallas Fort-Wroth International Airport while attempting to board a one-way flight to Hong Kong.[1] After her

---

[1]     The defendant was born and raised in China until she came to the United States in 2023 on a travel visa.

arraignment, she was remanded to the Metropolitan Detention Center in Brooklyn, New York, where she has remained since. On March 17, 2026, the defendant waived indictment and pleaded guilty to a single-count information charging her with conspiracy to commit bank fraud.

II.  Sentencing Guidelines

In the plea agreement that the government and the defendant signed, the government estimated the applicable range of imprisonment under the Guidelines as follows:

| | | |
|---|---|---|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(1)) | | 7 |
| Plus: | Loss Exceeding $1,500,000 (U.S.S.G. § 2B1.1(b)(1)(I)) | +16 |
| Less: | Minimal Role (U.S.S.G. § 3B1.2(a)) | -4 |
| Less: | Zero-Point Offender (U.S.S.G. § 4C1.1) | -2 |
| Less: | Acceptance of Responsibility (U.S.S.G. § 3E1.1) | <u>-3</u> |
| Total: | | <u>14</u> |

Because the defendant lacks any criminal history and thus is in Criminal History Category I, the plea agreement estimated that the applicable Guidelines range was 15-21 months' imprisonment. In the plea agreement, the defendant stipulated to this Guidelines calculation.

The Probation Department's May 27, 2026 Presentence Investigation Report ("PSR") does not include a minimal role reduction under U.S.S.G. § 3B1.2(a), reasoning that the defendant is an "average" participant in the offense. PSR ¶ 13. Thus, the PSR calculates the defendant's offense level to be 18 after acceptance of responsibility. PSR ¶¶ 18-28. The government disagrees. The government's investigation indicates that the defendant—while culpable and worthy of punishment for her role in the offense—is substantially less culpable than her co-conspirators and did not know the full extent of the criminal scheme, including the total amount stolen and the identities of all co-conspirators, or profit from the scheme nearly as much as others. Under these circumstances, the government believes an appropriate role reduction is appropriate, particularly since the defendant pleaded guilty to a conspiracy and is taking responsibility for the full amount of fraud perpetrated by her coconspirators despite that she did not participate in all of the fraudulent transactions.

III.  The Appropriate Sentence

A.  Legal Standard

A "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted).

Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).

Title 18, United States Code, § 3553(a) provides that, in imposing a sentence, a court shall consider:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed—

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; [and]

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

At sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Thus, the Court should first calculate the applicable Guidelines range and then apply the Section 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

B.     The Section 3553(a) Factors

A substantial sentence is necessary to achieve the ends of justice, including to account for the seriousness of the offense and to promote respect for the law. The defendant's crime was undoubtedly serious. She knowingly agreed to move millions of dollars in stolen funds through her bank account. The defendant participated in a conspiracy that stole money from the victims from the place where individuals all around this country feel that their money is best-protected—inside a bank. This defendant victimized others for her own substantial profit, and the sole motivating factor was her greed.

Moreover, a significant sentence of imprisonment is also necessary in this case to afford adequate general deterrence to criminal conduct. "Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the

punishment required to deter it." <u>United States v. Heffernan</u>, 43 F.3d 1144, 1149 (7th Cir. 1994); <u>see also</u> <u>United States v. Martin</u>, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." (quotation marks and citation omitted)); <u>United States v. Mueffelman</u>, 470 F.3d 33, 40 (1st Cir. 2006) (deterrence of white-collar crime is "of central concern to Congress").

As Courts in this Circuit have recognized, "[t]he need for general deterrence is particularly acute in the context of white-collar crime." <u>United States v. Johnson</u>, No. 16 Cr. 457 (NGG), 2018 WL 1997975, at *5 (E.D.N.Y. Apr. 27, 2018), <u>vacated on other grounds</u>, <u>Johnson v. United States</u>, 144 F.4th 133 (2d Cir. 2025); <u>accord</u> <u>United States v. Stein</u>, No. 09 Cr. 377 (JBW), 2010 WL 678122, at *3 (E.D.N.Y. Feb. 25, 2010); <u>United States v. Marsh</u>, No. 10-CR-480 (JBW), 2011 WL 5325410, at *1 (E.D.N.Y. Oct. 26, 2011) (noting people "choose to engage in white collar crime because they believe that the potential for significant financial benefits outweighs the risk that they will be punished"); <u>see also</u> <u>United States v. Cavera</u>, 550 F.3d 180, 196 (2d Cir. 2008) (en banc) ("Where the profits to be made from violating a law are higher, the penalty needs to be correspondingly higher to achieve the same amount of deterrence.").

The facts of this case well illustrate the need for both specific and general deterrence. The defendant's scheme was profitable, quick, and easy to accomplish. At the same time, the likelihood of detection and prosecution for her crimes was low. In fact, the defendant nearly avoided detection altogether, being arrested shortly before she escaped the United States. As a result, the sentence imposed in this case must be sufficiently substantial to deter others who may be tempted to engage in similar conduct after weighing the prospect of illegally obtaining hundreds of thousands of dollars (or more) against the comparatively low risk of being caught. The Court's sentence should make clear that such crimes carry serious consequences and are not worth the gamble.

However, this Court should also consider just punishment. This defendant is less culpable than her co-conspirators; she did not design the scheme or profit nearly as much as they did. Nor is there evidence that the defendant knew who she was stealing from or the fact of their disappearance. Nevertheless, that does not excuse her actions.

IV.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a Guidelines sentence.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Adam R. Toporovsky
Eric Silverberg
Assistant U.S. Attorneys
(631) 715-7000

cc:    Clerk of the Court (NJC) (by ECF and E-mail)
Louis Henry Klen, Esq. (by ECF and E-mail)
United States Probation (by ECF)